# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| MITAR GOLUBOVIC | § | Case No. 16-38000 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 12/01/2016. The undersigned trustee was appointed on 12/01/2016.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of        $   8,000.00

   Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 10.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]     $ | 7,990.00 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 06/15/2017 and the deadline for filing governmental claims was 06/15/2017 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,550.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,550.00 , for a total compensation of $ 1,550.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 07/31/2018                By:/s/RONALD R. PETERSON
                                       Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 16-38000 JSB | Judge: | Janet S. Baer | Trustee Name: | RONALD R. PETERSON |
| --- | --- | --- | --- | --- | --- |
| Case Name: | MITAR GOLUBOVIC | | | Date Filed (f) or Converted (c): | 12/01/2016 (f) |
| | | | | 341(a) Meeting Date: | 01/03/2017 |
| For Period Ending: | 06/05/2018 | | | Claims Bar Date: | 06/15/2017 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 2012 Bmw 6 Mileage: 60,000 Some Minor Cosmetic Damage | 50,949.00 | 0.00 | | 0.00 | FA |
| 2. 2005 Volvo 580 Approximately 1.2 Million Miles. Due For En | 6,000.00 | 0.00 | | 8,000.00 | FA |
| 3. Shirts, Shoes, Pants And Various Items Of Clothing. | 200.00 | 0.00 | | 0.00 | FA |
| 4. Cash | 120.00 | 0.00 | | 0.00 | FA |
| 5. Chase Bank | 150.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)           $57,419.00          $0.00                              $8,000.00          $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

April 8, 2018: The truck recently sold. I will now prepare the case for closing.

April 22, 2017:  Siezed Volvo Class 8 truck on 3/24/17, and it is in Schmitt's Truck Repair's yard.  I will put it up for sale, and should recover between $15,000 and $25,000.

Initial Projected Date of Final Report (TFR): 12/31/2017        Current Projected Date of Final Report (TFR): 08/31/2018

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 16-38000 | Trustee Name: | RONALD R. PETERSON |
| Case Name: | MITAR GOLUBOVIC | Bank Name: | Associated Bank |
| | | Account Number/CD#: | XXXXXX9016 |
| | | | Checking |
| Taxpayer ID No: | XX-XXX7460 | Blanket Bond (per case limit): | $54,824,000.00 |
| For Period Ending: | 06/05/2018 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/06/18 | 2 | Schmitts<br>2000 Elmhurst Road<br>Elk Grove Village , Il 60007 | Truck Storage and Recovery<br>Sale of Volvo<br>Schmitt's gets back 10000 | 1129-000 | $8,000.00 | | $8,000.00 |
| 05/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $7,990.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $8,000.00 | $10.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $8,000.00 | $10.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $8,000.00 | $10.00 |

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX9016 - Checking | $8,000.00 | $10.00 | $7,990.00 |
|  | $8,000.00 | $10.00 | $7,990.00 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $8,000.00 |
| Total Gross Receipts: | $8,000.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 16-38000  
Debtor Name: MITAR GOLUBOVIC  
Claims Bar Date: 6/15/2017  
Date: July 31, 2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | RONALD R. PETERSON JENNER & BLOCK LLP CHICAGO, IL 60654-3456 | Administrative Payment Status: Valid To Pay | | $0.00 | $1,550.00 | $1,550.00 |
| 2 280 5800 | Internal Revenue Service P.O. Box 7346 Philedelphia, Pennsylvania 19101-7346 | Priority Payment Status: Valid To Pay | Date Filed: 04/13/2017 | $0.00 | $10,200.12 | $10,200.12 |
| 1 300 7100 | Pyod, Llc Its Successors And Assigns As Assignee Of Citibank, N.A. Resurgent Capital Services Po Box 19008 Greenville, Sc 29602 | Unsecured Payment Status: Valid To Pay | Date Filed: 03/23/2017 | $0.00 | $7,199.92 | $7,199.92 |
| 2-1 300 7100 | Internal Revenue Service P.O. Box 7346 Philadelphia, Pennsylvania 19101-7346 | Unsecured Payment Status: Valid To Pay | Date Filed: 04/13/2017 | $0.00 | $3,873.53 | $3,873.53 |
| 3 300 7100 | American Express Centurion Bank C/O Becket And Lee Llp Po Box 3001 Malvern Pa 19355-0701 | Unsecured Payment Status: Valid To Pay | Date Filed: 04/17/2017 | $0.00 | $1,073.46 | $1,073.46 |
| 4 300 7100 | Midland Funding, Llc Midland Credit Management, Inc. As Agent For Midland Funding, Llc Po Box 2011 Warren, Mi 48090 | Unsecured Payment Status: Valid To Pay | Date Filed: 04/28/2017 | $0.00 | $14,452.86 | $14,452.86 |
| 5 300 7100 | American Express Centurion Bank C/O Becket And Lee Llp Po Box 3001 Malvern Pa 19355-0701 | Unsecured Payment Status: Valid To Pay | Date Filed: 05/03/2017 | $0.00 | $76,891.61 | $76,891.61 |
| | Case Totals | | | $0.00 | $115,241.50 | $115,241.50 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 16-38000
Case Name: MITAR GOLUBOVIC
Trustee Name: RONALD R. PETERSON

| | | |
|---|---|---:|
| Balance on hand | $ | 7,990.00 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: RONALD R. PETERSON | $ 1,550.00 | $ 0.00 | $ 1,550.00 |

| | |
|---|---:|
| Total to be paid for chapter 7 administrative expenses | $ 1,550.00 |
| Remaining Balance | $ 6,440.00 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 10,200.12 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Internal Revenue Service | $ 10,200.12 | $ 0.00 | $ 6,440.00 |

| | |
|---|---:|
| Total to be paid to priority creditors | $ 6,440.00 |
| Remaining Balance | $ 0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 103,491.38 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Pyod, Llc Its Successors And Assigns As Assignee | $ 7,199.92 | $ 0.00 | $ 0.00 |
| 2-1 | Internal Revenue Service | $ 3,873.53 | $ 0.00 | $ 0.00 |
| 3 | American Express Centurion Bank | $ 1,073.46 | $ 0.00 | $ 0.00 |
| 4 | Midland Funding, Llc | $ 14,452.86 | $ 0.00 | $ 0.00 |
| 5 | American Express Centurion Bank | $ 76,891.61 | $ 0.00 | $ 0.00 |

Total to be paid to timely general unsecured creditors         $          0.00

Remaining Balance                                               $          0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE